IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| REGINALD WARE AND § <br> SHARON WARE § <br> *Plaintiffs* § <br> § <br> v. § <br> § <br> B & C CARGO, INC AND § <br> DEWAYNE MARLOW § <br> *Defendants* § | CIVIL ACTION NO. _____ |

## **PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, REGINALD WARE and SHARON WARE, (hereinafter referred to as "PLAINTIFFS"), and files this their Original Complaint complaining of B & C CARGO, INC and DEWAYNE MARLOW (hereinafter referred to as "Defendants") and for cause of action would respectfully show unto the Court as follows:

## I.
## **JURISDICTION AND VENUE**

(1)  This Court possesses jurisdiction of this case pursuant to 28 U.S.C. §1332(c) (1), based upon the complete diversity of citizenship between the parties, as well as 28 U.S.C. §1332 based upon diversity of jurisdiction and the amount in controversy exceeding $75,000.00, exclusive of interest and costs. The Plaintiffs are citizens of the State of Texas and reside and are permanent residents at 712 Genova Drive in Wake Village, Bowie County, Texas 75457. The Defendant, B&C Cargo, Inc, is a foreign corporation, organized and formed in the State of Tennessee, is not a citizen of the State of Texas and has as its principal place of business 506 Dunhill Court, La Vergne, Tennessee 37086. Defendant, DEWAYNE MARLOW, is not a

citizen of the State of Texas and is a citizen of the state of Tennessee residing at 2046 Abingdon Drive, La Vergne, Tennessee 37086.

(2) Venue is proper in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. §1391(a), since a substantial part of the events giving rise to this cause of action occurred within this judicial district.

## II.
## PARTIES

(3) The Plaintiffs are residents of Bowie County, Texas.

(4) The Defendant, B&C Cargo, Inc is a foreign Corporation organized and existing under the laws of Tennessee and is not a citizen of the State of Texas, and is doing business in the State of Texas, and may be served with process by serving them pursuant to the Texas Long Arm Statute §17.044 and §17.045 by serving the Secretary of State of the State of Texas via certified mail, return receipt requested and with instructions that the Secretary of State of the State of Texas shall then forward a duplicate copy of process and the suit papers to its registered agent, Roberto Rodriguez at 506 Dunhill Court, La Vergne, TN 37086 via certified mail, return receipt requested.

(5) Defendant, DEWAYNE MARLOW, is an individual residing at 2046 Abingdon Drive, La Vergne, TN 37086 and is at all material times hereto, was and is doing business in the State of Texas as those terms are defined pursuant to §17.041 et sec. of the Tex. Civ. Prac. & Rem. Code.  Defendant, DEWAYNE MARLOW, may be served with process by serving him pursuant to the Texas Long Arm Statute §17.044 and §17.061 of the Texas Civil Practice and Remedies Code by serving the Chairman of the Texas Transportation Commission via certified mail, return receipt requested and with instructions that the Chairman of the Texas

Transportation Commission shall then forward a duplicate copy of process and the suit papers to DEWAYNE MARLOW, 2046 Abingdon Drive, La Vergne, TN 37086 via certified mail, return receipt requested.

## III.
## FACTUAL ALLEGATIONS

(6)     On or about August 8, 2022, Plaintiff, REGINALD WARE, was operating a 2017 Red GMC Sierra Pickup Truck bearing VIN # 3GTP1PEC3HG170237 and bearing License Plate # TX KNF0022 in a safe and prudent manner while traveling in the left Westbound lane on Interstate Highway 30 in Bowie County, Texas. Plaintiff, SHARON WARE, was a passenger in the vehicle her husband, Plaintiff, REGINALD WARE, was operating. The Defendant, DEWAYNE MARLOW, an employee of the Defendant, B&C CARGO, INC. was operating a 2012 White Volvo Tractor Truck bearing VIN # 4V4NC9THXCN237778 and bearing Tennessee License Plate # P0571HY while towing a 2008 White trailer bearing VIN # 1UYVS25308P307607 and bearing Tennessee License Plate # 211176T rearended Plaintiffs vehicle. Plaintiffs would further show the Court that the Defendant, DEWAYNE MARLOW, was negligent and grossly negligent in rear-ending Plaintiff's vehicle and causing the collision in question because of Defendants driver inattention, failure to maintain a proper lookout, failure to timely apply his brakes, failure to yield the right of way, and because the Defendant was fatigued and probably asleep. As a result of the collision in question, Plaintiffs sustained severe permanent and disabling injuries.

(7)     At all times relevant to this lawsuit, Defendant's employee, DEWAYNE MARLOW, was operating a "commercial motor vehicle" in "interstate commerce", as per 49 C.F.R. parts 383, 387, and 390-399.

(8)     At all times relevant to this lawsuit, Defendant, B&C CARGO, INC, was a "motor carrier" as per 49 C.F.R. parts 383, 387, and 390-399.

(9)     At all times relevant to this lawsuit, Defendant, B&C CARGO, INC, was a "motor carrier" as defined by 49 U.S.C. §13102(14).

(10)    At all times relevant to this lawsuit, Defendant, B&C CARGO, INC was an "employer" as defined by 49 C.F.R. §390.5.

(11)    At all times relevant to this lawsuit, DEWAYNE MARLOW, was an "employee" of Defendant, WHITLEY FARMS, L.L.C., as per 49 C.F.R. §390.5.

(12)    Further, at the time the accident made the basis of this lawsuit and at all times material hereto, DEWAYNE MARLOW, was an employee of Defendant, B&C CARGO, INC and operating a commercial motor vehicle on behalf of Defendant, B&C CARGO, INC under and by the authority of Defendant, B&C CARGO, INC pursuant to Defendant, B&C CARGO, INC's, Federal DOT Number 01456111.

## IV.
## CAUSE OF ACTION

(13)    Plaintiffs incorporate by reference paragraphs 1 through 12 above.

(14)    Plaintiffs allege that the Defendant, through the acts and/or omissions of its employees, including DEWAYNE MARLOW, were negligent and such negligence was a proximate cause of the injuries in questions.  Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts and/or omissions of negligence on the part of the Defendant and its agents, servants, and/or employees:

A.  In failing to yield the right of way.
B.  In failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances.

C. In failing to make such a timely and proper application of the brakes as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances.
D. In failing to move the vehicle appropriately to avoid the accident made the basis of this lawsuit as would have been made by a person exercising ordinary care and prudence under the same or similar circumstance;
E. In failing to apply his brakes as would have done by a person exercising ordinary care and prudence under the same or similar circumstances;
F. In failing to properly control his speed in a construction zone;
G. In failing to maintain an assured clear distance between Defendant's vehicle and Plaintiff's vehicle as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances.
H. In driving while in an impaired state of mind and while fatigued;
I. In performing certain activities in his motor vehicle that caused him to be distracted.
J. Negligent in other respects.

(15)   Defendant's employee, DEWAYNE MARLOW acts and/or omissions also breached a legislatively imposed standard of conduct, and thus constituted negligence per se[1].  In this regard, DEWAYNE MARLOW, violated the standards of conduct set forth in Tex. Trans. Code in one or more of the following ways:

a. In violating Texas Transportation Code § 647.009 (b) which provides "A person may not operate a motor vehicle if the person's alertness or ability to operate the vehicle is impaired for any reason, including fatigue or illness, to the extent that it is not safe for the person to begin or to continue"
b. In violating Texas Transportation Code §545.351(b), which provides, "an operator may not drive a vehicle at a speed that is greater than is reasonable and prudent under the conditions and having regarding to actual and potential hazards then existing, and shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with the law and the duty of each person to use due care," which constituted negligence per se.
c. In violating Texas Transportation Code §545.062(a) which provides, "an operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or

---

[1] Plaintiff asserts that in the event any of these allegations and statutes plead do not constitute negligence per se under Texas law, said statutes are being plead for the purpose of setting out the standard of care which the Defendant at all times material hereto, was required to adhere to and a violation of same would have constituted negligence under common law.

person on or near the highway," which constituted negligence per se.

(16)   Plaintiff further states that the Defendant's employee, DEWAYNE MARLOW'S acts and/or omissions which constituted negligence per se was a proximate cause of the accident and the injuries in question.

## V.
## CAUSE OF ACTION:  DEFENDANT B&C CARGO, INC

(17)    Plaintiff incorporates by reference paragraphs 1 through 16 above.

## VI.
## RESPONDEANT SUPERIOR

(18)   Plaintiff would further show that at the time of the accident made the basis of this lawsuit, DEWAYNE MARLOW, was an employee of Defendant, B&C CARGO, INC and acting within the course and scope of his employment for Defendant, B&C CARGO, INC and in the furtherance of the business interest and pursuits of said Defendant.  In this regard, Plaintiff hereby invoke the Doctrine of Respondent Superior and therefore alleges and contends that each negligent act/or omission on the part of DEWAYNE MARLOW is imputed to Defendant, DEWAYNE MARLOW and Defendant, B&C CARGO, INC is vicariously liable for all negligent and grossly negligent acts and/or omissions alleged herein to have been perpetrated by its employee driver.

(19)    Plaintiff would further show that at the time the accident made the basis of this lawsuit occurred, DEWAYNE MARLOW, was, and is considered a statutory employee of Defendant, B&C CARGO, INC pursuant to Title 49 §14102 of the United States Code and also per 49 C.F.R. §390.5 and contends that Defendant, B&C CARGO, INC is vicariously liable for all negligent and grossly negligent acts and/or omission of its employee driver.

## VII.
## PERMISSIVE USE

(20)     Plaintiffs would further show that prior to the time the collision occurred, Defendant, B&C CARGO, INC was the owner and was in possession, custody and control of the truck tractor driven by DEWAYNE MARLOW, on the date of the accident made the basis of this lawsuit.  On or about August 8, 2022, Defendant, B&C CARGO, INC directed DEWAYNE MARLOW, to use the vehicle in question for the purposes of operating it on the public streets and highways of Texas and, therefore, DEWAYNE MARLOW, operated said vehicle with the knowledge, consent and permission of Defendant, B&C CARGO, INC

## VIII.
## NEGLIGENT AND GROSS NEGLIGENT ENTRUSTMENT

(21).   Plaintiffs would further show that Defendant B&C CARGO, INC was the owner of the vehicle that was being driven by Defendant DEWAYNE MARLOW at the time of the occurrence made the basis of this lawsuit. Plaintiffs would also show that Defendant B&C CARGO, INC was negligent and grossly negligent in entrusting the commercial motor vehicles to Defendant DEWAYNE MARLOW who was a careless, incompetent and reckless driver. Defendant B&C CARGO, INC knew or should have known that Defendant DEWAYNE MARLOW was a careless, incompetent and reckless driver. Plaintiffs would further show that Defendant B&C CARGO, INC was negligent and grossly negligent in entrusting the vehicles to its employee, Defendant DEWAYNE MARLOW, which in turn was a proximate cause of the collision and the occurrence made the basis of this lawsuit and the resulting injuries and damages to Plaintiffs set out below.

(22).   Further Defendant DEWAYNE MARLOW's negligent acts and/or omissions were a primary and direct cause of the wreck.  Defendant B&C CARGO, INC owed a duty of care, or

alternatively, a high duty of care, to the motoring public, including Plaintiffs, to entrust their vehicles with the degree of care that a commercial motor carrier would use under the same or similar circumstances. Defendant DEWAYNE MARLOW's various incidents, accidents, and violations of the FMCSRs placed Defendant B&C CARGO, INC, on actual notice (or it reasonably should have known) that Defendant DEWAYNE MARLOW, was an unsafe, careless, reckless, and incompetent driver who was an accident waiting to happen. Defendant DEWAYNE MARLOW, based on the evidence uncovered in this case had a history of unsafe acts and/or omissions that Defendant B&C CARGO, INC knew or should have known made Defendant DEWAYNE MARLOW was a severe risk to himself and the motoring public.  Defendant B&C CARGO, INC, entrusted the 2012 White Volvo Tractor Trailer that is the subject of this lawsuit to Defendant DEWAYNE MARLOW.  Defendant DEWAYNE MARLOW was an incompetent, reckless, or careless driver and Defendant B&C CARGO, INC knew or should have known that Defendant DEWAYNE MARLOW was an incompetent, reckless or careless driver.  Defendant B&C CARGO, INC was negligent per se by violating numerous federal and state statutes and regulations. Defendant DEWAYNE MARLOW's negligent acts and/or omissions on the occasion in question proximately caused injuries and damages to Plaintiffs as more fully set out below.  Defendant B&C CARGO, INC aided and abetted the unsafe and dangerous practices of Defendant DEWAYNE MARLOW which Defendant B&C CARGO, INC knew presented a severe risk of serious injury or death and which Defendant B&C CARGO, INC also knew or should have known about. The conduct of Defendant B&C CARGO, INC and Defendant DEWAYNE MARLOW both before and after the collision made the basis of this lawsuit evidences a clear pattern and practice of dangerous

and unsafe conduct demonstrating they simply did not care.  Each of these acts and/or omissions was a proximate cause of the injuries and damages as set out below.

## IX.
## NEGLIGENT AND GROSS NEGLIGENT HIRING, RETENTION, TRAINING AND CONTROL

(23)   Plaintiff further alleges that Defendant, B&C CARGO, INC through its acts and/or omissions, was negligent, and such negligence was a proximate cause of the accident and injuries in question.  Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts of negligence on the part of Defendant, B&C CARGO, INC:

   a.   In hiring and/or retaining its employee driver;

   b.   In allowing its employee to drive the vehicle in question; and

   c.   In failing to instruct, supervise, and control its employee driver.

## X.
## MALICE

(24)   Plaintiff further alleges that Defendant, B&C CARGO, INC by and through its acts and/or omissions, and of its employee driver as set out and plead for above and below, exceeded the test for negligence and committed acts and/or omissions of gross negligence that amounted to more than momentary thoughtlessness, inadvertence or error of judgment. Plaintiff alleges that said acts and/or omissions amounted to such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety or welfare of Plaintiff.  Plaintiff further alleges that the Defendants' acts and/or omission of gross negligence created an extreme degree of risk to Plaintiff.  Plaintiff further alleges that the Defendants' acts and/or omissions of gross negligence, when viewed objectively from the standpoint of the Defendants at the time of its occurrence, involved an

extreme degree of risk considering the probability and magnitude of potential harm to others, including Plaintiff. Plaintiff further alleges that the Defendants had actual subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety and welfare of Plaintiff. In this regard, Plaintiff therefore seeks punitive and/or exemplary damages.

## XI.
## DAMAGES

(25)  Plaintiff, REGINALD WARE, damages include past, and probable future loss, which includes:

  a. Pain and mental anguish;

  b. Physical and mental impairment

  c. Disfigurement;

  d. Loss of Wages;

  e. Loss of Wage Earning Capacity; and

  f. Necessary medical, psychological, psychiatric, therapeutic, pharmaceutical, and hospital care, including rehabilitative services and devices.

(26)  Plaintiff, SHARON WARE, damages include past, and probable future loss, which includes:

  a. Pain and mental anguish;

  b. Physical and mental impairment

  c. Disfigurement;

  d. Loss of Wages;

  e. Loss of Wage Earning Capacity; and

      f. Necessary medical, psychological, psychiatric, therapeutic, pharmaceutical, and hospital care, including rehabilitative services and devices.

(27) Plaintiff's, REGINALD WARE, spouse, SHARON WARE, as a result of the incident caused by the fault, breach of duties and negligence of the Defendants, has suffered past and future loss of consortium and damage to the husband-wife relationship, including the loss of affection, solace, comfort, companionship, society, assistance, household services, emotional support, love and felicity necessary to a successful marriage.

(28) Plaintiff's, SHARON WARE, spouse, REGINALD WARE, as a result of the incident caused by the fault, breach of duties and negligence of the Defendants, has suffered past and future loss of consortium and damage to the husband-wife relationship, including the loss of affection, solace, comfort, companionship, society, assistance, household services, emotional support, love and felicity necessary to a successful marriage.

(29) Plaintiff respectfully requests a trial by jury on all issues.

(30) Plaintiff seeks judgment against Defendants, jointly and severally, for their actual damages set forth above, punitive/exemplary damages together with pre-judgment and post-judgment interest at the legal rate, cost of court, and such other relief to which Plaintiff may be justly entitled.

    Respectfully submitted,

    *s/ Jimmy M. Negem, Sr.*
    Jimmy M. Negem, Sr.
    State Bar No. 14865500
    Joe M. Worthington
    State Bar No. 22009950
    Jimmy M. Negem, Jr.
    State Bar No. 24115371
    Nicholas M. Negem
    State Bar No. 24123713

Negem & Worthington
1828 E SE Loop 323
Suite R – 1A
Tyler, Texas 75701
903.595.4466 (telephone)
903.593.3266 (facsimile)
Jimmy@Negemlaw.com
ATTORNEYS FOR PLAINTIFF